UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MEHMET KAHVECI, d/b/a FANEUIL       )
HALL DENTAL ASSOCIATES,             )
                                    )
            Plaintiff,              )   Civil Action No.
                                    )   18-10459-FDS
       v.                           )
                                    )
CITIZENS BANK, N.A.,                )
                                    )
            Defendant.              )
_____ )

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising from an employee's unauthorized depositing of company checks into her personal checking account. Plaintiff Mehmet Kahveci operates a dental practice in Boston, Massachusetts. His office manager embezzled funds by depositing checks addressed to Kahveci's business into her own checking account at defendant Citizens Bank. The complaint contends that the bank was negligent in letting the employee deposit the checks. Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be denied.

**I.      Background**

    **A.      Factual Background**

The facts are set forth as described in the complaint.

Mehmet Kahveci is a dentist and manages Faneuil Hall Dental Associates, a dental practice in Boston, Massachusetts. (Compl. ¶ 3). As part of his practice, he accepts payments

from patients directly and from health insurance companies.  (*Id.* ¶ 5).  At all times relevant to the complaint, any checks received were endorsed by Kahveci's office with a rubber stamp, stating "For deposit only Acct # 1107889437 Faneuil Hall Dental Associates M. Kahveci D.M.D."  (*Id.* ¶ 7).  Checks were supposed to be deposited in an account numbered 1107889437 at Citizens Bank titled "Faneuil Hall Dental Associates."  (*Id.*).

Julia Vaysglus was employed by Kahveci as an office manager beginning in July 2008.  (*Id.* ¶ 13).  As office manager, her responsibilities included submitting invoices to insurers, processing and endorsing checks with the rubber stamp, and making daily bank deposits into the practice's account at Citizens Bank.  (*Id.* ¶ 14).

In "early 2015," Kahveci received a notice from the Internal Revenue Service stating that he had underreported his practice's gross income for the 2013 tax year by almost $100,000.  (*Id.* ¶ 8).  The IRS stated that although Kahveci had reported gross income of $1,513,665, gross receipts for the year were $1,610,298.  (*Id.*).  Kahveci had calculated the $1,513,665 amount by totaling all deposits made into the Citizens Bank account.  (*Id.* ¶ 9).

Kahveci then investigated his office's gross receipts from 2009 through 2014.  (*Id.* ¶ 10).  The investigation was completed in March 2015.  (*Id.* ¶ 12).  He learned that during that five-year period, the total amount deposited into the account was $337,737.32 less than the amount paid by patients and insurance companies to his practice.  (*Id.* ¶ 11).  He further discovered that Vaysglus had taken insurance checks payable to his practice and deposited them into one of her two personal accounts, also at Citizens Bank.  (*Id.* ¶ 15).  Vaysglus was not authorized, either orally or in writing, to deposit those checks into her own accounts.  (*Id.* ¶ 16).

Vaysglus misappropriated these checks in two ways:  she either (1) endorsed checks payable to "Faneuil Hall Dental Associates" or "Mehmet Kahveci DMD" with the handwritten

words "pay to the order of Julia Vaysglus" and signed her name, or (2) simply deposited the checks into her personal account without any further endorsement. (*Id.* ¶¶ 17, 20). Citizens Bank credited Vaysglus's accounts in the full amount of each check. (*Id.* ¶ 18). In addition, it did not inquire as to whether Vaysglus was authorized to endorse the checks or deposit them into her own accounts. (*Id.* ¶ 19).

B. **Procedural Background**

The complaint was originally filed in the Suffolk County Superior Court on February 1, 2018, and asserts claims for conversion and negligence. Citizens Bank first received a copy of the complaint on February 23, 2018. (Not. of Removal ¶ 5). It timely removed the action to this Court on March 9, 2018. It has now moved to dismiss the complaint, contending that all claims are time-barred.

II. **Legal Standard**

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each

material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III.    Analysis

Count One asserts a claim for conversion. "In Massachusetts, 'check collection is governed by the UCC,' and in the check collection context, 'where a UCC provision specifically defines parties' rights and remedies, it displaces analogous common-law theories of liability." *Union Street Corridor-Cmty. Dev. Corp. v. Santander Bank, N.A.*, 191 F. Supp. 3d 147, 150 (D. Mass. 2016) (quoting *Gossels v. Fleet Nat'l Bank*, 453 Mass. 366, 370 (2009)) (alterations omitted). Therefore, Article 3 of the Uniform Commercial Code, as codified in Mass. Gen. Laws ch. 106, governs plaintiff's conversion claim. Counts Two and Three assert common-law claims for negligence.

The parties agree that all of plaintiff's claims are subject to a three-year limitations period. *See* Mass. Gen. Laws ch. 106, § 3-118(g) ("an action [ ] for conversion of an instrument . . . must be commenced within three years after the cause of action accrues."); Mass. Gen. Laws ch. 260, § 2A ("Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.").

The complaint alleges that the embezzlement began in 2009 and ended in 2014. Therefore, under the most charitable reading of the complaint, the three-year limitations period expired no later than December 31, 2017. However, in his opposition, plaintiff contends that the discovery rule tolled the limitations period until he completed his investigation into Vaysglus in March 2015.

Under the common-law discovery rule, a claim does not accrue as long as the underlying facts that give rise to it remain "inherently unknowable," a standard that is "no different from, and is used interchangeably with, the 'knew or should have known' standard." *Williams v. Ely*, 423 Mass. 467, 473 n.7 (1996); *see also Saenger Org., Inc. v. Nationwide Ins. Licensing Assocs., Inc.*, 119 F.3d 55, 64 (1st Cir. 1997). However, the burden is on the plaintiff to prove "both an actual lack of causal knowledge and the objective reasonableness of that lack of knowledge." *Zamboni v. Aladan Corp.*, 304 F. Supp. 2d 218, 224 (D. Mass. 2004) (quoting *Doe v. Creighton*, 439 Mass. 281, 283 (2003)).

The Supreme Judicial Court has cautioned that "[i]n most instances, the question when a plaintiff knew or should have known of its cause of action is one of fact that will be decided by the trier of fact." *Taygeta Corp. v. Varian Assocs., Inc.*, 436 Mass. 217, 229 (2002) (citing *Riley v. Presnell*, 409 Mass. 239, 240 (1991)). "The appropriate standard to be applied when assessing knowledge or notice is that of a 'reasonable person in the plaintiff's position.'" *Id.* (quoting *Riley*, 409 Mass. at 245).

Even accepting all allegations in the complaint as true, it is doubtful that the theft of almost $340,000 over five years was "inherently unknowable" to plaintiff, particularly if he was Vaysglus's direct supervisor. *See Arkwright Mut. Ins. Co. v. State Street Bank & Trust Co.*, 428 Mass. 600, 604 (1998) ("Certainly [the employer] had a better opportunity to determine whether the payees had received the funds than the [defendant banks]."). A reasonably diligent employer would surely have noticed that a sizable portion of his business's gross receipts were missing. In addition, the complaint does not plead that either Vaysglus or the bank took any affirmative steps to conceal the fraud.

Nevertheless, the complaint contains plausible allegations that the fraud was not

reasonably discoverable. *See Tonetti v. Whitaker*, 2012 WL 6060340, at *3 (Mass. Super. Ct. Nov. 26, 2012) ("If [plaintiff] could prove these allegations at trial, then the three-year limitations period [was tolled]."); *Callahan v. Wells Fargo & Co.*, 747 F. Supp. 2d 247, 253 (D. Mass. 2010) ("The statute of limitations may be extended on the basis of fraudulent concealment."). Accordingly, the question of when plaintiff should have had notice of his injuries is better reserved for summary judgment after the development of a factual record. *See Cryan v. Sovereign Bank*, 2010 WL 3001206, at *3-5 (D. Mass. July 28, 2010) (addressing discovery rule on motion for partial summary judgment); *LePage v. Shawmut Bank, N.A.*, 2000 WL 1476119, at *2 (Mass. App. Ct. July 21, 2000) (affirming summary judgment on conversion claim for defendant bank).

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: April 23, 2018　　　　　　　　　　　　　　United States District Judge