UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:18-cv-10459

MEHMET KAHVECI, P.C., d/b/a FANEUIL HALL DENTAL ASSOCIATES,

    Plaintiff,

v.

CITIZENS BANK, N.A.,

    Defendant.

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

    Pursuant to this Court's Order of April 25, 2018, Fed. R. Civ. P. 16 and 26, and Local Rules 16.1 and 26.1, the parties hereby submit the following proposed Joint Statement and Pretrial Schedule:

**1.     TIMETABLE FOR DISCOVERY AND MOTION PRACTICE**

    A.     **Plaintiff's Position.**

    The Plaintiff submits that all fact-discovery shall be conducted simultaneously, so as to avoid the increase in Plaintiff's costs, and the delay of any final resolution that bifurcation of discovery into multiple phases will likely cause. As such, the Plaintiff proposes the following schedule:

| | |
|---|---|
| Mandatory initial disclosures: | **June 21, 2018** |
| Amended Pleadings under Fed. R. Civ. P. 15: | **July 20, 2018**. |
| Written discovery served: | **September 3, 2018** |
| Fact depositions completed: | **October 19, 2018** |
| All fact discovery to be completed: | **November 12, 2018** |
| Plaintiff to serve written expert disclosures under Fed. R. Civ. P. 26(a)(2), if any: | **January 11, 2019** |
| Defendant to serve rebuttal expert disclosures under Fed. R. Civ. P. 26(a)(2), if any: | **February 4, 2019** |
| Expert depositions, if any, concerning Plaintiff's individual claims completed: | **March 18, 2019** |
| Motions under Fed. R. Civ. P. 56 to be filed: | **April 26, 2019** |

B. **Defendant's Position.**

Because there is a high likelihood that Plaintiff filed this case outside of the applicable statute of limitations, Defendant proposes that discovery be bifurcated into two phases, with the first phase dealing exclusively with statute of limitations issues, and the second phase dealing with traditional fact and expert discovery. As such, the Defendant proposes the following schedule:

| Mandatory initial disclosures: | **June 21, 2018** |
|---|---|
| Amended Pleadings under Fed. R. Civ. P. 15: | **June 28, 2018**. |
| Written discovery served PHASE I: | **September 3, 2018** |
| Fact depositions completed PHASE I: | **August 13, 2018** |
| All fact discovery to be completed PHASE I: | **August 20, 2018** |
| Motions under Fed. R. Civ. P. 56 to be filed: | **September 20, 2018** |
| Further Scheduling Conference held to the extent that a dispositive motion does not dispose of this action entirely: | **As set by this Court** |

2. **TRIAL BY U.S. MAGISTRATE JUDGE.** Pursuant to Local Rule 16.1(B)(3), the parties have conferred regarding consenting to trial by U.S. Magistrate Judge, and, at this time, they do *NOT* consent to the same.

3. **CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3).** Counsel for the parties shall file certifications signed by each of them and by an authorized representative of each of the parties to this action setting forth that each party and their respective counsel have conferred regarding: (a) the estimated budget of the costs of conducting the full course, and various alternative courses, of action in the adjudication and resolution hereof, and (b) the available programs for various types of alternative dispute resolution, including those offered by this Court, as outlined in Local Rule 16.4.

4. **ALTERNATIVE DISPUTE RESOLUTION.** Counsel for the parties have conferred regarding alternative dispute resolution and they agree that certain components of discovery must be conducted in order for any modes of alternative dispute resolution to be productive and to potentially enable a full and final resolution in the case. The necessary discovery shall provide the parties with a better understanding of the Plaintiff's likelihood of establishing Defendant's liability, and the potential extent of such liability.

5. **SETTLEMENT**. Counsel for the Parties have conferred regarding settlement, but no settlement has been reached at this time, as counsel for the parties agree that certain components of discovery must be conducted in order for their settlement discussions to be meaningful and to potentially bring about a final resolution hereof. The necessary

discovery shall provide the parties with a better understanding of the Plaintiff's likelihood of establishing Defendant's liability, and the potential extent of such liability.

| For the Plaintiff: | For the Defendant: |
|---|---|
| */s/ Rebecca H. Newman* | */s/ Michael E. Pastore* |
| Rebecca H. Newman, B.B.O. No. 682392 | Pete S. Michaels (BBO# 553535) |
| Newman & Newman, P.C. | Michael E. Pastore (BBO# 669692) |
| One McKinley Square, 3rd Floor | Greenberg Traurig, LLP |
| Boston, MA 02109 | One International Place |
| Telephone: (617) 227-3361 | Boston, MA 02110 |
| Fax: (617) 723-1710 | Telephone: (617) 310-6000 |
| rnewman@newmanlegal.com | Fax: (617) 310-6001 |
| | pastorem@gtlaw.com |

May 17, 2018

### CERTIFICATE OF SERVICE

I, Rebecca H. Newman, counsel for the above-named Plaintiff, hereby certify that this document is to be filed electronically through the Court's ECF system, and will thereby be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies shall be sent to those indicated as non-registered participants on this date.

*/s/ Rebecca H. Newman*
Rebecca H. Newman, Esquire